**KERSHAW, CUTTER & RATINOFF, LLP**
STUART C. TALLEY, State Bar No. 180374
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 448-9800
Facsimile: (916) 669-4499
E-mail: stalley@kcrlegal.com

Attorneys for Relators

FILED
CLERK U.S. DISTRICT COURT
JUL 29 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

[UNDER SEAL]

          Relators,

v.

[UNDER SEAL],

          Defendant.

Case No. 11-06273 DDP (PJWx)

**COMPLAINT FOR DAMAGES, WITH DEMAND FOR JURY TRIAL**

**TO BE FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730**

**DO NOT ENTER INTO PACER**

**DO NOT PLACE IN PRESS BOX**

-1-
COMPLAINT

|  |  |
|---|---|
| UNITED STATES OF AMERICA ex rel. Kathy Hinkle-Allin, Joel Kostman, Jere Thrasher, and Fatima Mejia,<br><br>            Relators,<br><br>v.<br><br>ONTARIO HEALTH EDUCATION COMPANY, INC., a California corporation; WEST COAST UNIVERSITY, INC., a California corporation; CATALYSIS LEARNING ALLIANCE, INC., a Delaware corporation; and DOES 1 through 500, inclusive,<br><br>            Defendants. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES, WITH DEMAND FOR JURY TRIAL:**<br><br>**(1) Knowingly False Statements to Get a False or Fraudulent Claim Paid or Approved, in Violation of the False Claims Act, 31 U.S.C. § 3729(a)(1);**<br><br>**(2) Knowingly False Records or Statements to Get a False or Fraudulent Claim Paid or Approved in Violation of the False Claims Act, 31 U.S.C. § 3729(a)(2).**<br><br>**TO BE FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730**<br><br>**DO NOT ENTER INTO PACER**<br><br>**DO NOT PLACE IN PRESS BOX** |

Plaintiffs and Relators Kathy Hinkle-Allin, Joel Kostman, Jere Thrasher, and Fatima Mejia, allege as follows:

## I. Introduction

1. This is an action to recover damages and civil penalties on behalf of the United States of America arising out of false claims approved and presented by Defendants to obtain more than $73,000,000 annually from the United States Department of Education ("DOE") pursuant to the Higher Education Act, Title IV ("HEA"), from at least July 2005, continually through the present. Defendants, Ontario Health Education Company, Inc. ("OHEC"), West Coast University, Inc. ("West Coast") and, their parent corporation, Catalysis Learning Alliance, Inc. ("Catalysis") are the recipients of HEA federal student financial aid funds from the United States Department of Education. In requesting and receiving more than $73,000,000 annually, Defendants falsely represent every year that they are in compliance with the DOE's regulations governing schools that receive Title IV funds and that they are in compliance with the rules and regulations of the Accrediting Commissions of Career Schools and Colleges ("ACCSC") and the Accrediting Bureau of Health Education Schools ("ABHES").

2. Defendants had, and continue to have, actual knowledge that they are not adhering to the rules and regulations of the HEA, the ABHES, and the ACCSC and that their representations of adherence were and are false, and that they therefore were and are submitting false or fraudulent representations of compliance. Alternatively, Defendants act and acted with deliberate indifference and/or reckless disregard as to the truth or falsity of the claims. Relators assert causes of action under the False Claims Act for submission of a knowingly false or fraudulent claim for payment or approval, and knowingly false records or statements to get a false or fraudulent claim paid or approved, in violation of 31 U.S.C. § 3729(a)(1) and (2).

## II. Jurisdiction and Venue

3. This is an action brought pursuant to the False Claims Act, 31 U.S.C.

§§ 3729, et seq., and subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1331. This case arises from the wrongful conduct of the Defendants incident to obtaining funds from the United States of Department of Education pursuant to the Higher Education Act, Title IV.

4. This Court has in personam jurisdiction over the Defendants under 31 U.S.C. § 3732(a), which authorizes nationwide service of process.

5. 31 U.S.C. § 3732(a) provides "Any action under section 3730 may be brought in any judicial district in which the Defendant or, in the case of multiple Defendants, any one Defendant, can be found, resides, transact business, or in which any proscribed by section 3729 occurred." Venue is proper in the Central District of California because Defendants maintain and operate campuses within the District.

### III. Plaintiffs

6. *Qui Tam* Plaintiffs Kathy Hinkle-Allin, Joel Kostman, Jere Thrasher, and Fatima Mejia are all citizens of the United States of America and are residents of Los Angeles and Orange Counties, in the State of California. At various points in time from 2007 through 2010, plaintiffs, Kathy Hinkle-Allin, Joel Kostman, Jere Thrasher, were employees of defendants. From 2006 through 2008, plaintiff, Fatima Mejia was a student enrolled at one of the defendant's campuses. Qui Tam Plaintiffs bring this action on behalf the United States of America.

7. As required under the False Claims Act, 31 U.S.C. § 3730(a)(2), Relators, simultaneously with the filing of this Complaint, provided to the United States Attorney for the Central District of California a statement of all material evidence and information related to this Complaint. This disclosure statement supports the existence of "submission of a knowingly false or fraudulent claim for payment or approval," under the False Claims Act (31 U.S.C. § 3729(a)(1)).

8. The United States of America is here named a plaintiff because funds

of the United States of America ("Federal funds") were and are awarded to defendants, pursuant to the HEA, Title IV, as a result of the false claims alleged in this Complaint.

### IV. Defendants

9. Defendant Ontario Health Education Company, Inc. ("OHEC"), is a California corporation that is authorized to do business within the state of California. Defendant West Coast University, Inc. ("West Coast"), is a California corporation that is authorized to do business within the state of California. Defendant Catalysis Learning Alliance, Inc. ("Catalysis"), is a Delaware corporation that is authorized to do business within the state of California. Defendant Catalysis is the parent company of Defendants OHEC and West Coast. OHEC and West Coast are private, for-profit higher education institutions providing educational programs for working adult students. The defendants maintain multiple campuses in Los Angeles, Orange County, and San Bernardino Counties and enroll approximately 8,000 students at these campuses each year. The defendants offer programs to train students in various careers in the healthcare industry such as vocational nursing, massage therapy, and ultrasound technology. Virtually all of the students who attend the defendants' schools pay their tuition through federally subsidized loans and grants.

10. Relators are unaware of the true names and capacities of the Defendants sued as Does 1 through 500. Plaintiffs will amend their complaint when the true names and capacities have been ascertained. Each Doe Defendant is responsible in some actionable manner for the events, occurrences, injuries and damages alleged herein.

11. The terms "Defendants" will refer collectively to the aforesaid Defendants acting by and through their managerial employees, and each of them.

12. Managerial employees of the Defendants, in doing the acts and things described in this complaint, were acting within the course and scope of their

respective agencies and/or employment with the Defendants, and each of them, with the knowledge and consent of the Defendants, and each of them, unless otherwise indicated.

## V. Specific False Claims and Fraudulent Statements

### A. Summary of the Fraudulent Conduct

13. The United States Government awards approximately $6 billion a year to help students obtain their educations at colleges and vocation schools. The federal funds, however do not go to the students. Instead, the educational institution requests the funds of the United States Department of Education or a third party intermediary lender. The United States Government or the lender wires the funds directly into the institutions' accounts. The institutions then credit their students for tuition.

14. In order to ensure that schools receiving federal funds are actually providing an appropriate and beneficial education to students, the DOE requires schools to enter into a Program Participation Agreements ("PPA"). In the PPA executed by defendants, they certify that they will comply with numerous regulations governing Title IV schools and that they will comply with all requirements put forth by its nationally recognized accrediting agency. The regulations that are relevant here are as follows:

    a. Schools must evaluate students on a regular basis to ensure they are mastering the material being taught and will be qualified to obtain employment in the field for which they are trained. (34 CFR 668.16(e); ACCSC Substantive Standards Section VII);

    b. Schools must maintain "retention, licensing, or employment rates" of 70% or higher (ABHES Accrediting Standards Ch. 3, Section C; 34 C.F.R. Section 668.8(e); ACCSC Substantive Standards Section IV(B)(1));

    c. Schools must have in place "a system to assist with the

successful initial employment of its graduates."

d. Schools must maintain data concerning graduates who obtain employment. For self employed graduates the school must maintain appropriate evidence of employment and for non-self employed graduates, a written verification from an employer. (ABHES Accrediting Standards IV.B.2.h and IV.I.6.c.).

e. Schools must maintain "written standards of satisfactory academic progress for all students . . . and these standards are consistently applied to all students . . . regardless of financial aid status." (Appendix B; para 1 to ABHES Accrediting Standards);

f. Schools may only provide certificates of completion to students who have demonstrated achievement and the knowledge, skill and competencies required by the program objectives. (ACCSC Substantive Standards Section VII(A)(13)(h));

g. For each program offered at the school, it must establish "an advisory board . . comprised of a minimum of one community representative (e.g. employers, extern supervisors) not employed by the institution." The board must convene twice each year to address "such topics as the institution's mission and objectives, curriculum, and student, graduate and employer comments." Minutes must be prepared of these meetings. (ABHES Accrediting Standards IV.B.2.d);

h. Schools should refrain from disseminating any misleading or erroneous advertising to students. (ABHES Accrediting Standards IV.F.1.a.; ACCSC Substantive Standards Section IV(A)(5));

i. With respect to in-person recruiting, schools must provide

students with accurate information concerning potential salary and employment. (ABHES Accrediting Standards IV.F.2.a; ACCSC Substantive Standards Section IV(A)(9));

j. For purposes of accepting students, "reasonable assurances are made that applicants' qualifications and background are compatible with institutional and curricular objects to ensure the likelihood of student success." (ACCSC Substantive Standards Section V);

k. Prior to enrollment schools must disclose "any material circumstances that may adversely impact a student's ability to benefit from the educational program (e.g. credentialing prerequisites)". (ABHES Accrediting Standards IV.F.6);

l. The curriculum of a program must "reflect current standards of practice in the industry and are designed to provide students with relevant information essential for their attainment of knowledge and skills." (ABHES Accrediting Standards IV.H.1.e);

m. Schools must provide examinations and other evaluative techniques to "adequately assess the achievement of stated objectives, competencies and curriculum goals." (ABHES Accrediting Standards IV.I.1.a.);

n. "Externships are available for all enrolled students. . . . Students should not wait for externships and back-up sites should be available to ensure that there is no significant break in the educational process." (ABHES Accrediting Standards IV.I.4.a.);

o. Staff at schools are "responsible for ensuring oversight and evaluation of students while on externship or external clinical

experiences and is in regular contact with sites. Documented reports are obtained from the externship site supervisory person involved, reviewed by faculty or the program supervisor for completeness, and is retained by the institution." (ABHES Accrediting Standards IV.I.4.b);

p. For specific programs that are accredited by ABHES, schools must provide a minimum number of extern hours for the accredited program. (See ABHES Accrediting Standards VI.A.1.d.)\

q. For certain programs that are accredited by ABHES, such as surgical technology, schools are required to conduct a market survey annually to justify student enrollment. The survey must demonstrate that the program "admits students at a rate consistent with the community demand for employment and the availability of clinical externship sites in the field. The school's admission practices must "ensure a reasonable opportunity for graduates to become employed in the field." (ABHES Accrediting Standards VIII.A.1).

15. The defendants flagrantly violates these rules by:
a) Encouraging admissions representatives to enroll students it knows are unqualified;
b) Encouraging admissions representatives to lie about the likelihood of obtaining employment following graduation and the potential salaries they will receive;
c) Encouraging admissions representatives to make false and misleading statements about the quality of the education the students will receive and the availability of clinical sites to train those students;

d) Failing to properly evaluate students on a regular basis after they have been enrolled in a class;

e) Graduating students who have failed to master the coursework of the class being taught;

f) Intentionally providing false and misleading information to their accrediting bodies about the schools' placement rates;

g) Intentionally providing false information to their accrediting bodies about the availability of clinical sites in order to get approval to start new programs;

h) Intentionally falsifying the number of clinical hours received by students enrolled in their programs;

i) Intentionally providing false and misleading information to their accrediting bodies about their passage rates on credentialing exams for certain programs;

j) Starting new programs even though the school knew there was insufficient support in the medical community to find employment for graduates from those new programs;

k) Intentionally failing to convene Advisory Boards for certain programs and then falsifying documents presented to their accrediting bodies concerning the existence of these boards;

*The defendants are fully aware of the illegality of their conduct.* At many points in time, Relators have complained to management about the issues outlined above yet no action has been taken.

### B. The Defendants' False Certifications of Compliance to the Government, Required by Law for Eligibility to Receive the Federal Funds.

16. Educational institutions request Title IV funds for eligible students through several programs, including the Federal Pell Grant Program ("Pell"), the Federal Supplemental Education Opportunity Grant Program ("FSEOG"), the

Federal Perkins Loan Program ("Perkins") and the Federal Family Education Loan Program ("FFELP").

17. For an educational institution to be eligible to receive these Title IV grant funds, the federal statutes and regulations require the institution to certify to the United States Government in a Program Participation Agreement that the institution will comply with regulations promulgated by the DOE and the standards of accreditation put forth by the ACCSC and the ABHES. HEA, Sec. 487(a) and (a)(20); 34 C.F.R. Sec. 668.14(a)(1) and (b)(22)). This certification is a core prerequisite for an institution's eligibility to request and receive Title IV funds.

18. An educational institution is ineligible to receive Title IV funds without a Program Participation Agreement and without first obtaining accreditation from a nationally recognized accrediting agency. The Agreement conditions the initial and continued participation of an eligible institution in any Title IV, HEA program. The Agreement expressly states, in bold print:

> The execution of this Agreement by the Institute and the Secretary is a prerequisite to the Institution's initial or continued participation in any Title IV, HEA Program.

19. The Agreement's first paragraph furthermore provides that the institution's participation in the Title IV program is "subject to the terms and conditions of this Agreement."

20. In the Agreement, the educational institute certifies that the school will "meet the requirements established pursuant to Part H of Title IV of the HEA by the Secretary, State authorized bodies, and nationally recognized accrediting agencies."

21. Educational institutions violating the terms of their Agreement must return the Title IV funds, along with interest and special costs incurred by the DOE. For example, University of La Verne was directed to refund $6,528,981 FFELP funds and $395,730 in Pell funds. On December 13, 2001, Benedictine University was directed to return $25,521 Pell funds, $183,407 FFELP funds, and $13,060

FSEOG funds. On September 4, 2002, Southern Wesleyan University was directed to return $18,346,658 FFELP funds, $1,079,565 Pell funds, $21,400 FSEOP funds, and $3,500 Perkins funds.

22.     The defendants, in requesting and receiving more than $73,000,000 a year in Title IV funds, falsely certify to the DOE compliance with the DOE Regulations and the regulations of the ACCSC and BHES in the Agreement it submits annually to the DOE. As a result, the defendants falsely induce the Government to approve and/or pay out the Title IV funds, based on their false promises to comply with the appropriate regulations. The promises when made are false. Upon making their promises and certification, the defendants knowingly engage in the illegal conduct described herein.

## C.     Defendants' Claims for the Federal Government Funds

23.     Upon entering the Program Participation Agreement with the United States Secretary of Education, the defendants are eligible to request the Title IV funds from the United States Secretary of Education (for Pell Grant funds) or from third party lenders (for governmental-insured loans).

24.     For Pell Grant funds, the defendants submit a request for those funds directly to the Secretary of the Untied States Department of Education. The request for funds is not a student application but a request prepared and transmitted by defendants to the Secretary of the United States Department of Education, stating the requested amount of funds. The United States Department of Education transfers the Pell Grant funds electronically directly into an account held by defendants. Upon receiving the Pell Grant Funds, the defendants credit various students for tuition paid. Students do not request or receive a dime of the Pell Grant funds.

25.     The defendants' claims for Pell Grant funds are fraudulent. When the defendants request, receive and retain the Pell Grant funds, they know they are ineligible for those funds because of their intentional violations of the Higher

Education Act as described herein. The defendants know that compliance with the Higher Education Act funding statutes are a core prerequisite for an institution's eligibility to request and receive Title IV funds.

26. For government-insured loans, including the FFELP, the defendants submit the request for those funds directly to a private lender. The defendants; request for government-insured loan funds, arrange, managed and prepared by defendants, includes a student application that *contains an express certification by defendants that the student is an eligible student under the Title IV program.* The claim for government-insured loans *must* include this certification. The defendants know that this claim for funds is false because they know their students are *not* eligible under the Title IV program due to their violations of the HEA. *Only* students at eligible Title IV schools may receive credit for Title IV government-insured loan funds disbursed by private lenders to educational instructions. The defendants' fraudulent violations of the HEA and the rules of the ACCSC and ABHES make them ineligible educational institutions to request and disburse Title IV funds, and thus its students are ineligible under the Title IV program. The lender, typically a bank, transfers the government-insured loan funds directly into one of the defendants' accounts. Upon receiving the government-insured loan funds, the defendants credit various students for tuition paid.

27. The defendants' claim for the government-insured loan funds is fraudulent. When the defendants request, receive and retain the government-insured loan funds, they know they are ineligible for those funds because of their intentional violations of the HEA and the rules of the ACCSC and ABHES. The defendants know that compliance with the Higher Education Act and the rules of the ACCSC and ABHES are core prerequisites for an institution's eligibility to request and receive Title IV funds.

28. The United States Government pays all interest on the government-insured loans while the students are enrolled in classes and during authorized grace

periods. The loans are guaranteed by state agencies or non-profit organizations (called "guarantee agencies"), and are subsidized and reinsured by the United States Department of Education. If a student defaults, the guarantee agency reimburses the lender. If the guarantee agency cannot collect from the student, the Department of Education reimburses the agency.

29. The United States Department of Education monitors loan defaults of post-secondary schools and calculates a "cohort default rate" every year for defendants. The Department of Education calculates the loss to the United States Government relying upon this rate.

## First Cause of Action

**Knowingly False Statements to Get a False or Fraudulent Claim Paid or Approved, in Violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)**

30. Plaintiffs re-allege, and fully incorporate herein by reference, paragraphs 1 through 29 herein.

31. In performing all of the acts set out herein, Defendants defrauded the United States of America by knowingly presenting, or causing to be presented, to one or more officers, employees or agents of the United States of America, a false and fraudulent claim for payment or approval in contravention of the False Claims Act (31 U.S.C. § 3729(a)(3)), to the damage of the treasury of the United States of America, by causing the United States to pay out money it was not obligated to pay.

32. Relators estimate that, as a proximate result of Defendants' conduct described herein, the amount of damages sustained by the United States of America is in excess of $300 million from June 2005, through the present.

## Second Cause of Action

**Knowingly False Records or Statements to Get a False or Fraudulent Claim Paid or Approved, in Violation of the False Claims Act, 31 U.S.C. § 3729(a)(2)**

33. Plaintiffs re-allege, and fully incorporate herein by reference, paragraphs 1 through 32 herein.

34. By virtue of the acts described above, Defendants have knowingly made, used or caused to be made or used, a false record or statement to get false or fraudulent claim paid or approved by the United States of America, in contravention of the False Claims Action (31 U.S.C. § 3729(a)(2)), to the damage of the treasury of the United States of America, by causing it to pay out money it was not obligated to pay.

35. Relators estimate that, as a proximate result of Defendants' conduct described herein, the amount of damages sustained by the United States of America is in excess of $300 million from June 2005, through the present.

### Prayer for Relief

WHEREFORE, Plaintiffs request the following relief:

1. Judgment in favor of the United States of America against Defendants, jointly and severally, by reasons of the violations of the False Claims Act as set forth above, in an amount equal to three times the amount of damages the United Stats has sustained because of Defendants' actions, plus a civil penalty of not less than Five Thousand Dollars ($5,000.00) and not more than Ten Thousand Dollars ($10,000.00), for each violation, plus three times the amount of damages which the United States Government has sustained, pursuant to 31 U.S.C. § 3729(a);

2. Award to Relators, as the *Qui Tam* plaintiffs, of the maximum amount allowed pursuant to 31 U.S.C. § 3730(d) of the Federal False Claims Act on the United States' recovery;

3. Award to Relators of all reasonable expenses which the Court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs;

4. Punitive damages on all causes of action, to the extent allowed by law; and

5. Such other and further relief as the Court deems proper.

## Demand for Jury Trial

Plaintiffs demand a trial by jury, pursuant to FRCP 38.

Dated: 7-21-11        KERSHAW, CUTTER & RATINOFF LLP

                      By _____
                         STUART C. TALLEY

                      **Attorneys for Relators,**
                      ***Kathy Hinkle-Allin, Joel Kostman, Jere Thrasher, and Fatima Mejia,***

-16-

COMPLAINT

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
UNITED STATES OF AMERICA
ex rel. Kathy Hinkle-Allin, Joel Kostman, Jere Thrasher, and Fatima Mejia

**DEFENDANTS**
ONTARIO HEALTH EDUCATION COMPANY, INC., a California corporation; WEST COAST UNIVERSITY, INC., a California corporation; CATALYSIS LEARNING ALLIANCE, INC., a Delaware corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Stuart C. Talley, Kershaw, Cutter & Ratinoff LLP
401 Watt Avenue, Sacramento, CA 95864
(916) 448-9800

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
False Claims Act, 31 U.S.C. § 3729

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11-06273

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ontario Health Education Company, Inc., Orange County; West Coast University, Inc., Orange County; and Catalysis Learning Alliance, Inc., Orange County. |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles; Orange; San Bernardino |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date 7/26/11

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

### CV11- 6273 DDP (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AUG 0 1 2011

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY